MANDATE

18-774-cv  
*Picault v. World Business Lenders*

N.Y.S.D. Case #  
16-cv-3682(JPO)

## UNITED STATES COURT OF APPEALS  
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand nineteen.

PRESENT: BARRINGTON D. PARKER,  
DENNY CHIN,  
RICHARD J. SULLIVAN,  
*Circuit Judges.*



USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: Mar 21 2019

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HENRY PICAULT,

    *Plaintiff-Appellant*,

    v.    18-774-cv

WORLD BUSINESS LENDERS,

    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Henry Picault, *pro se*, Kew Gardens, New York.

FOR DEFENDANT-APPELLEE:      David S. Greenhaus, Jackson Lewis P.C., Melville, New York.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

MANDATE ISSUED ON 03/21/2019

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Henry Picault, proceeding *pro se*, appeals from a judgment entered February 9, 2018 in favor of his former employer, defendant-appellee World Business Lenders ("WBL"), dismissing his claims of discrimination and retaliation based on national origin under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. By opinion and order entered February 7, 2018, the district court granted WBL's motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews a grant of summary judgment *de novo* and determines whether the district court properly concluded that there was no genuine dispute as to any material fact and "that the moving party was entitled to judgment as a matter of law." *Penn v. New York Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018).

Here, Picault's brief on appeal focuses entirely on restating his version of the facts without citing relevant case law or addressing any of the district court's rulings, as required under the federal rules. *See* Fed. R. App. P. 28(a). While this Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks

- 2 -

omitted), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," this Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632-33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotations marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."). Because Picault has failed to make any mention of the district court's summary judgment rulings, we conclude that he has abandoned such challenges.

Even assuming Picault did not abandon his claims, we conclude that Picault's appeal is without merit substantially for the reasons articulated by the district court in its February 7, 2018 opinion and order.

We have considered Picault's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is

**AFFIRMED**.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court